NOT FOR PUBLICATION [Docket No. 30]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEARNS, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>Camden City, et al.,<br><br>         Defendants. | Civil No. 03-1381(RMB)<br><br>**OPINION** |

APPEARANCES:

Michael William Kahn
Law Offices of Michael W. Kahn
1702 Haddonfield Berlin Road
Cherry Hill, NJ 08003
(856) 216-9100
    Attorney for Plaintiffs James Kearns and Danielle Colton

Saul J. Steinberg
Sufrin, Zucker, Steinberg, Waller, & Wixted, PC
519 Federal Street
Suit 503
Camden, NJ 08103
(856) 365-0080
    Attorney for Plaintiff Daniel Kearns

Frank A. Salvati
Office Of Camden City Attorney
City Hall - 4th Floor
Suite 419
520 Market Street
PO Box 95120
Camden, NJ 08101-5120
(856) 757-7170
    Attorney for Defendants Camden City, Camden City Police
    Department, Camden City Chief of Police Robert Allenbach,
    and Camden City Police Officer Shay Sampson

Ralph Raymond Kramer
605 White Horse Pike
Haddon Heights, NJ 08035
(856) 546-1114
     Attorney for Defendant Shay Sampson

**BUMB**, United States District Judge:

I.   **Introduction**

On March 28, 2003, Plaintiffs James Kearns, Danielle Colton, and Daniel Kearns filed a complaint against Defendants Camden City, Camden City Police Department, Chief of Camden City Police Department Robert Allenbach, Officer Shay Simpson of Camden City Police Department, unidentified Camden City police officers (John Does I - XV), Pavilion Partners Inc., and other unidentified individuals (John Moes I - XV) pursuant to 42 U.S.C. § 1983, for alleged injuries sustained as a result of Camden City police officers' conduct.

Following a lengthy period of pleadings, status conferences, and scheduling orders, the Honorable Joel B. Rosen issued a Final Scheduling Order on April 12, 2005, in which he set deadlines for discovery and ordered that "there will be no further extensions in this case."  [Docket No. 21 at 1].  On January 27, 2006, Judge Rosen issued another scheduling order stating that the deadline for filing dispositive motions would be March 3, 2006.  [Docket No. 23].  Depositions of plaintiffs James Kearns and Danielle Colton were taken on March 9, 2006 and the deposition of Daniel

Kearns was taken on April 19, 2006.  Defendants did not request an extension of the deadline for submitting dispositive motions at any point after Plaintiffs were deposed.

On May 23, 2006, Judge Rosen issued an Amended Scheduling Order requesting delivery of a Joint Final Pretrial Order. [Docket No. 24].  In that scheduling order, Judge Rosen did not mention depositions or discuss extensions of the March 3, 2006 deadline for the filing of dispositive motions.  Defendants did not request, and this Court did not grant, an extension of the March 3, 2006 dispositive motion deadline at any point after May 23, 2006.

On August 1, 2006, Judge Rosen issued another Amended Scheduling Order setting the deadline for the Joint Final Pretrial Order on August 9, 2006.  [Docket No. 26].  On September 7, 2006, the parties appeared before the Court for status conference wherein Plaintiffs counsel indicated that the parties were ready for trial.  A trial date was set for October 16, 2006. [Docket No. 27].  On September 18, 2006, Defendants filed a motion for leave to file a motion for summary judgment out of time. [Docket No. 30].

**II.  Discussion**

Defendants must show "excusable neglect" to file a dispositive motion out of time.  Fed. R. Civ. P. 6(b).  This Court has discretion in determining whether to extend deadlines

3

under Rule 6(b):

> "When . . . by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified permit the act to be done where the failure to act was the result of excusable neglect . . . ."

Id.

Rule 6(b) governs motions for summary judgment because Rule 56 is not among its list of rules in which "excusable neglect" does not apply.  Id.  When considering if a moving party can demonstrate excusable neglect, this Court must consider the following factors:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure; 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; 3) counsel's failure to provide for a readily foreseeable consequence; 4) a complete lack of diligence; or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

Dominic v. Hess Oil V.I. Corp, 841 F.2d. 513, 517 (3d Cir. 1988). In addition to these factors, if the court finds excusable neglect, it should also consider whether granting the motion for leave to file will prejudice the opposing party.  Id.

Defendants have not shown excusable neglect in this case. In Defendants' affidavit in support of their motion to file a motion for summary judgment out of time, they allege that the

4

March 3, 2006 deadline for dispositive motions could not be complied with because the depositions of James Kearns, Danielle Colton, and Daniel Kearns were not completed until April 19, 2006. (Def's Affidavit ¶ 8). However, Defendants fail to explain why they did not file for an extension of the March 3, 2006 deadline mandated by Judge Rosen's January 27, 2006 scheduling order at anytime thereafter. Defendants also fail to explain adequately to this Court why they waited five months after the depositions were completed, and on the eve of trial, before filing a motion for summary judgment on September 18, 2006. This lack of action does not constitute "inadvertence despite good faith efforts towards compliance" (factor 5). See Dominic, 841 F. 2d at 517. Rather, their failure to act on this matter beforehand resembles "complete lack of diligence." (factor 3). See id.

In their affidavit in support of their motion to file a motion for summary judgment out of time, Defendants assert they were "delayed while waiting for the transcripts" and that "it was contemplated that discovery would continue until after the depositions were completed." (Def's Affidavit ¶ 8). These assertions, however, do not meet the standard of excusable neglect. Without mentioning what discovery was contemplated, or the length of the delay due to the wait for the deposition transcripts, these assertions resemble "easily manufactured

5

excuse[s] not verifiable by the court" (factor 2).  See Dominic, 841 F. 2d at 517.  Further, the remainder of Defendants' affidavit merely addresses the scheduling of the Final Pre-trial Conference and completion of the Final Pre-trial Order. (See Def's Affidavit ¶¶ 9-14).  This information is not relevant in considering whether excusable neglect occurred.

Finally, because this matter is set for trial, and Plaintiffs have represented they are prepared for trial, the Court finds that the granting of the motion will prejudice the plaintiffs.

### III. Conclusion

Accordingly, for the above reasons, Defendants' motion to file motion for summary judgment out of time is hereby denied.

An accompanying Order shall issue today.


                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              UNITED STATES DISTRICT JUDGE


Dated: September 29, 2006